MATTER OF KONISHI

In Deportation Proceedings

A-19807195

*Decided by Board July 5, 1978*

Self-employed professional artist does not qualify for exemption from the labor certification requirements of section 212(a)(14) as an investor where "investment" consists solely of an inventory of his own paintings along with the furnishings for a one-man gallery because the gallery is the mere conduit for the sale of the products of the alien's own labor and no showing is made that the "business" would expand job opportunities so as to offset any adverse impact of his employment.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor—remained longer

ON BEHALF OF RESPONDENT:
Jack Wasserman, Esquire
1707 H Street, N. W.
Washington, D.C. 20006

William J. Lawler, Esquire
615 Montgomery Street
Suite 320
San Francisco, California 94111

ON BEHALF OF SERVICE:
Sabri Kandah, Acting
Appellate Trial Attorney

Philip P. Leadbetter
Trial Attorney

BY: Maniatis, Acting Chairman; Appleman, Maguire, and Farb, Board Members

The respondent appeals from the decision of an immigration judge, dated March 18, 1977, in which he found the respondent deportable as charged, denied his application for adjustment of status, and granted him the privilege of voluntary departure. The appeal will be dismissed.

The respondent is a 29-year-old native and citizen of Japan who entered the United States on February 19, 1973, as a nonimmigrant visitor for pleasure. His status was adjusted to that of a student and he was authorized to remain until June 29, 1975. On July 14, 1976, the District Director denied the respondent's application for adjustment of status and granted him voluntary departure until August 14, 1976. At his deportation hearing before the immigration judge, the respondent admitted the allegations of fact contained in the Order to Show Cause and conceded deportability. The only issues on appeal concern his appli-

cation for adjustment of status, pursuant to section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255.

The respondent seeks adjustment of status as a nonpreference immigrant. He intends to work in the United States and the provisions of section 212(a)(14) of the Act, 8 U.S.C. 1182(a)(14), therefore, apply to him. The respondent, however, maintains that he is exempt from the labor certification requirement of section 212(a)(14) as an "investor" within the contemplation of 8 C.F. R. 212.2(b)(4).[1]

The burden of proof to establish a claim of "investor" rests upon the alien. The evidence must be unambiguous and any doubts will be resolved against the "investor" claimant. *Matter of Khan*, Interim Decision 2565 (BIA 1977); *Matter of Shaw*, Interim Decision 2525 (BIA 1976); *Matter of Ahmad*, Interim Decision 2316 (BIA 1974).

The immigration judge denied the respondent's application for adjustment on the ground that he has not submitted satisfactory evidence of the claimed investment and also as a matter of discretion. Upon our review of the record, we are convinced that the immigration judge's decision was correct.

The respondent alleges an investment of over $10,000 in his occupation as an artist. He has submitted a list of expenditures in connection with the opening of a showroom for his paintings totaling $9,674.06. He also alleges a current inventory of $30,865 in finished paintings that are up for sale. Of this figure, $2,780 is claimed to be an expenditure for the materials used in creating the paintings. We need not, however, decide whether these figures are to be computed into the total investment.

The respondent has admitted that he has no employees. Although he claims that he is not in competition with the American labor market, we are not convinced that his investment expands job opportunities as contemplated by Congress. See *Matter of Ruangswang*, Interim Decision 2546 (BIA 1976); *Matter of Heitland*, 14 I. & N. Dec. 563 (BIA 1974).

In *Heitland, supra*, we developed a "test concerning substantial investment":

The investment either must tend to expand job opportunities and thus offset any adverse impact which the alien's employment may have on the market for jobs, or must be of any amount adequate to insure, with sufficient certainty, that the alien's primary function with respect to the investment and with respect to the economy will not be as a skilled or unskilled laborer.

This "test" was repeated in slightly different language in *Ruangswang, supra*:

---

[1] 8 C.F.R. 212.2(b)(4) was amended, effective October 7, 1976, to require an investment of $40,000. The amendment has prospective effect only and, therefore, the present case is considered under the regulation in effect at the time the application was made.

To qualify for investor status, the nature of the investment must be such that the investor is spending his energies in the management of the investment, rather than in performing labor which can be performed by a worker already in the United States, unless the business expands job opportunities thereby offsetting any adverse impact on the alien's own employment.

The fact that the respondent is a self-employed professional does not remove him from competition with American artists. His full-time work, either creating or selling his own paintings, is not merely incidental to any business or investment, but is his primary function. This is not within the concept of an investor as contemplated by Congress. The respondent's investment in the furnishings of his one-artist "gallery" is a mere conduit for the sale of the products of his own labor. His primary activity is the creative one, not the management of a one-artist gallery. Thus, we refuse to hold that the respondent, as a professional artist, is outside the requirement of a labor certification intended by Congress to protect the American labor force. The painting and selling of one's own works of art is a form of labor and, therefore, section 212(a)(14) of the Act is applicable. Inasmuch as the respondent has failed to show that his investment expands job opportunities, so as to offset the adverse impact of the respondent's own employment, we agree with the immigration judge that he has not met his burden of proof with respect to his "investor" claim.[2] Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.

FURTHER ORDER: Pursuant to the immigration judge's order the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.

---

[2] The respondent alleges that his business is still young and as soon as it grows to be large enough to need extra labor he will hire other people. However, the future prospect of expanding job opportunities is insufficient to support a current claim that his investment should exempt him from the labor certification requirement of section 212(a)(14) of the Act. Cf. *Matter of Khan*, Interim Decision 2565 (BIA 1977).